## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MONIQUE DEMAR,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 04-00826 (RCL)** |
| | ) | |
| **PA CONSULTING GROUP, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the defendants PA Consulting Group, Inc., PA

Government Services, Inc., and Hagler Bailly, Inc. (collectively, "Defendants") Motion [35] for

Summary Judgment.  Upon consideration of this motion, the opposition thereto, the reply brief,

the applicable law, and the entire record herein, the Court concludes that the defendant's Motion

for Summary Judgment will be GRANTED.  The Court is persuaded that plaintiff presents no

genuine issue of material fact in her claim brought under the Family and Medical Leave Act

("FMLA").  29 U.S.C.A. §§ 2601-2654 (West 1993 & Supp. 2006).

### BACKGROUND

Plaintiff Monique DeMar was hired as a Junior Financial Administrator in December

2000 by defendants PA Consulting Group, Inc. ("PACG"), and performed administrative work in

the accounting department.  (Compl. ¶¶ 3, 11.)  Prior to the termination of her position, plaintiff

worked for PACG and subsidiary PA Government Services ("PAGS") for at least twelve months.

1

(Id. ¶ 12.)  In February 2002, plaintiff requested sixteen weeks of leave to give birth to and care for her newborn child.  (Id. ¶¶ 15, 20.)  The leave request and the company's policy are documented in a memorandum from PACG benefits manager Janice Kantner to plaintiff dated February 19, 2002.  (Mem. Supp. Defs.' Mot. Summ. J. Ex. 2.)  The PACG leave policy comports with the federally required minimum of twelve weeks of FMLA leave.  (Id.)  Plaintiff's FMLA leave began on or about February 22, 2002.  (Compl. ¶ 22.)

Nothing in the record indicates defendants granted plaintiff additional leave time beyond the FMLA required twelve week period.  Plaintiff, however, did not return to work after twelve weeks: she remained on leave for sixteen weeks, and did not return to work before her position was ultimately terminated in July 2002.  (Id. ¶ 26.)  On or about June 10, 2002, plaintiff was informed that her position was being eliminated and was provided with a severance package.  (Id. ¶ 26.)  On July 5, 2002, defendants posted a job advertisement in the Washington Post that the plaintiff believes was extremely similar, if not identical to, her previous position.  (Id. ¶¶ 28, 30.)  Plaintiff's complaint alleges "defendants interfered with her right to take reasonable leave to give birth and care for her newborn child as provided under the FMLA," and that her termination violates the FMLA.  (Id. ¶ 16.)  Defendant's Motion for Summary Judgment followed.

## DISCUSSION

**Legal Standard**

**I.    Summary Judgment**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56.  In determining whether there is a genuine issue of material

fact, the Court views the facts and all reasonable inferences to be drawn from them, in the light

most favorable to the plaintiff, as the non-movant.  <u>Sherwood v. Wash. Post</u>, 871 F.2d 1144,

1145 (D.C. Cir. 1989).  Plaintiff must respond to the summary judgment motion by going

"beyond the pleadings and by her own affidavits, or by the depositions, answers to

interrogatories, and admissions on file, and designate specific facts showing that there is a

genuine issue for trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).  It is not enough for

the plaintiff to point to any alleged factual dispute; rather, she must point to a genuine issue of

material fact that might affect the outcome of the suit under the governing substantive law.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 243 (1986).  The court must not weigh the

evidence.  Rather, the court must determine whether enough evidence exists to enable a

reasonable fact finder to find in favor of the plaintiff.  <u>Id.</u> at 252.

## II.     FMLA Claims

The FMLA allows an eligible employee to take up to twelve weeks of leave "because of

the birth of a son or daughter of the employee and in order to care for such son or daughter"

without fear of termination.  29 U.S.C. §§ 2612(a)(1)(A), 2614 (a)(1)(A).  At its core, the FMLA

protects eligible employees who take FMLA leave from being terminated or otherwise

discriminated against for taking the leave.  An employee becomes eligible for leave by working

"for at least twelve months by the employer with respect to whom leave is requested and . . . for

at least 1,250 hours of service with such employer during the previous twelve month period."  29

U.S.C. § 2611(2)(A)(i-ii).  A concomitant right is that of an employee who has taken FMLA

leave "to be restored by the employer to the position of employment held by the employee when

the leave commenced or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." Id.  The rights guaranteed under the FMLA, however, are not absolute.  Pharakhone v. Nissan N. Am. Inc., 324 F.3d 405, 407-08 (6th Cir. 2003).  An employer need not reinstate an employee who would have lost his job even if he had not taken FMLA leave.  29 U.S.C. § 2614(a)(3)(B); 29 C.F.R. §§ 825.216(a)(1), 825.216(d) (1993).  Furthermore, if "after twelve weeks of FMLA leave the employee is unable to return to work the employee no longer has the protections of FMLA" and must look elsewhere for relief.  Id.

The burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973), determines whether an employer discriminated against an employee for taking FMLA leave.  The plaintiff has the initial burden of establishing a prima facie case of discrimination under the FMLA.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).  To establish a prima facie case, the plaintiff must show she: (1) availed herself of protected rights under FMLA; (2) was adversely affected by the employment decision; and (3) there is causal connection between the two actions.  29 U.S.C. § 2615(a).  If this burden is satisfied, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reason" for the adverse action.  McDonnell Douglas, 411 U.S. at 802.  To satisfy this intermediate burden, "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus."  Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 257 (1981).  If the employer meets its burden of production, the inference of discrimination raised by the prima facie case then drops out, and the plaintiff must prove by a preponderance of the evidence that the employer's proffered reason is

4

merely a pretext for discrimination.  <u>St. Mary's</u>, 509 U.S. at 507-08.  As explained below, the

Court is not persuaded by the plaintiff's arguments claiming discrimination in violation of the

FMLA.

**Analysis**

**I.      Joinder of Defendants**

The defendants argue that PACG should be dismissed as a defendant because the plaintiff

was not employed by PACG at the time she took the leave of absence at issue in this case.

(Mem. Supp. Defs.' Mot. Summ. J. 4-5.)  The Court finds the plaintiff rightly joined PACG as a

defendant for several reasons.  The plaintiff began working with PACG on February 15, 2001

and transferred to co-defendant PA Government Services, an affiliate of PACG, on August 31,

2001.  (DeMar Dep. 60, 64.)  The plaintiff worked at PAGS when she received the "Family and

Medical Leave Procedures" memo from PACG benefits manager Janice Kantner.  (Mem. Supp.

Defs.' Mot. Summ. J. Exh. 2.)  The document states from the outset:

> All employees of PA Consulting Group, Inc. <u>and its domestic
> operating subsidiaries</u> that meet the eligibility requirements as stated under
> the federal Family and Medical Leave Act will receive up to twelve (12)
> weeks of Family and Medical (F&M) leave.  At the end of this leave, you will
> be entitled to return to the same or equivalent position.  If the F&M leave
> extends beyond twelve (12) weeks, the Company cannot guarantee continued
> employment.

(<u>Id.</u>)(emphasis added.)

It is unclear whether PACG or PAGS ultimately granted the plaintiff's leave.  The leave

policy memo came from PACG, but plaintiff went on leave while working for PAGS.  The

defendants provide no documentation detailing the plaintiff's eligibility status to take leave from

either PACG or PAGS, and make little effort to distinguish the two companies.  The defendant

fail to sufficiently show that PACG should be dismissed from this case.  As a result, the Court

views the joinder of defendants in the light most favorable to the plaintiff, and finds plaintiff

properly joined PACG as a defendant.

The defendant also argues Hagler Bailly, Inc. should be dismissed as a defendant from

this action because plaintiff was never employed by Hagler Bailly.  Plaintiff admits she was

never an employee of Hagler Bailly, Inc., which she understands is a predecessor of PA

Consulting Group.  (DeMar Dep. 60.)  The Court sees no reason Hagler Bailly should continue as

a defendant, and dismisses Hagler Bailly from this case.

## II.    McDonnell Douglas Burden Shifting Analysis

## A.    Plaintiff Establishes a Prima Facie Case

The Court finds the plaintiff establishes a prima facie case because she availed herself

under the FMLA and was adversely affected by PAGS' decision to terminate her employment.

The proximity of her termination to her FMLA leave, viewed in the light most favorable to the

plaintiff, provides the required causal connection to make out a prima facie case.  See Singletary

v. District of Columbia, 351 F.3d 519, 525 (D.C. Cir. 2003).  Thus, this Court finds the plaintiff

has established a prima facie case.  The law is clear, however, that in addition to establishing a

prima facie case a plaintiff must also offer admissible evidence necessary to withstand summary

judgment.  Gleklen v. Democratic Cong. Campaign Comm. Inc., 199 F.3d 1365 (D.C. Cir. 2000).

## B.    Defendant Asserts Nondiscriminatory Reason for Plaintiff's Termination

Since the plaintiff has satisfied her initial burden, the burden shifts to the defendant to

assert a nondiscriminatory cause for the plaintiff's termination.  The Court finds the defendants

satisfy this intermediate burden through detailed evidence of the spring 2002 PAGS company

reorganization which indicates that plaintiff would have been laid off in June 2002 regardless of whether she had taken leave.  (Mem. Supp. Defs.' Mot. Summ. J. 10-11.)  Essentially, the reorganization transferred half of the plaintiff's workload to a different employee and eliminated the other half through the implementation of a new computer program.  (Id. at 11.)  The defendant emphasizes the plaintiff was made aware of the possibility of a company reorganization prior to taking her leave (id.), which the plaintiff also admits (DeMar Dep. 115). Through depositions of company employees and a detailed description of the reorganization implementation plan, the defendants provide ample evidence that the plaintiff's termination was not discriminatory in nature.  (Davie-Martin Aff. ¶¶ 8-9, 13-14.)  Rather, the plaintiff was laid off because her workload was consolidated and eliminated and she did not qualify for an alternative position.

       As noted supra Part II, an employee has no greater right to reinstatement than if the employee had been continuously employed during the FMLA leave period.  29 C.F.R. §§ 825.216(a)(1), 825.216(d).  The law protects those who have lost their jobs or been otherwise discriminated against because they took FMLA leave.  Even viewed in the light most favorable to the plaintiff, there is nothing in the record to indicate plaintiff was terminated because she took FMLA leave.  The plaintiff was terminated because she was no longer qualified for a position within the reorganized PAGS.  The defendant has met and exceeded its burden of production in the McDonnell Douglas analysis, which negates the inference of discrimination raised by the prima facie case.

**C.      Plaintiff Fails to Prove Defendant's Asserted Reason is Mere Pretext**

       Returning to the McDonnell Douglas burden shifting analysis a final time, the Court finds

the plaintiff fails to prove by a preponderance of the evidence that the defendant's asserted reason for terminating her was merely a pretext for discrimination.  She does not identify any facts in the evidentiary record which support her claim and in no way contradicts that her job was eliminated as a part of the PAGS reorganization.  The defendants' attributing the plaintiff's termination to the PAGS reorganization was not a pretext for FMLA discrimination.  Summary judgment is thus appropriate because no genuine issue of material fact exists.

### III.    No Genuine Issue of Material Fact Exists, Making Summary Judgment Appropriate

Plaintiff's statement of material facts to determine whether a genuine issue exists makes seven distinct arguments.  Considered in the light most favorable to the plaintiff, these arguments fail to convince the Court that this case should go to trial.  Because the Court finds there to be no outstanding dispute of material fact, the defendant is entitled to summary judgment as a matter of law.  Of the seven arguments, three have already been discussed in this memorandum opinion. The Court will consider the remaining four arguments in turn.

First, plaintiff alleges the material facts of her termination and whether it was in violation of the FMLA are in dispute.  (Pl.'s Opp'n ¶ 1.)  Plaintiff, however, provides no evidence that her termination resulted from taking FMLA leave to care for her newborn child.  The defendants have met the intermediate burden of proof under the <u>McDonnell Douglas</u> analysis by providing evidence the company reorganization was nondiscriminatory in nature.  Specifically, evidence shows employees of similar rank and ability to the plaintiff were laid off due to the reorganization.  (Defs.' Stmt. ¶¶ 24-5.)  The nondiscriminatory nature of the PAGS reorganization is bolstered by the hiring of Shelly Lambert into one of the newly created positions.  Mrs. Lambert started the new position after returning from her own FMLA leave, and

8

possessed the necessary qualifications required by the position.  (Id. ¶ 40.)  The new PAGS

position consisted of duties the plaintiff admits she did not perform, such as managing budgets

for commercial or government contracts; verifying supplies are planned, within budget, and

coded per contract stipulations; handling check runs; or wiring transfer requests.  (DeMar Dep.

239-41.)  The new position also required a "minimum of five years experience in a high volume,

automated accounts payable environment."  (Defs.' Stmt. Ex. 40.)  It is undisputed plaintiff did

not have the experience required for the new position filled by Shelly Lambert.  Clear and ample

evidence proves plaintiff was not terminated in violation of FMLA, but because her limited

experience no longer qualified her for a position in the reorganized company.  Accordingly, there

are no genuine issues of material fact in dispute with regards to these arguments.

Second, plaintiff alleges material facts are in dispute regarding an advertisement in the

Washington Post to fill the new position created by the reorganization.  (Pl.'s Opp'n ¶ 4.)  Upon

review, the Court determines the advertisement indeed reflects the newly created position

requirements which exceed the qualifications of the plaintiff.  (Defs.' Stmt. Ex. 40.)  Shelly

Lambert was hired for the position for which PAGS advertised.  Her job responsibilities are

detailed in that advertisement.  They include: reviewing vendor invoices; verifying supplies are

planned, within budget, and coded accordingly; inputting time cards; handling check runs and

wire transfer requests; and corresponding with subcontractors and consultants.  Id.  Additionally,

the advertisement specifically called for an individual with at least five years of experience in a

high volume automated accounts payable environment to help manage the accounts payable cycle

and to work with commercial and government contractors.  Id.  None of these responsibilities had

been performed by the plaintiff before she took her leave.  Because the advertisement is directly

related to the PAGS reorganization and the position filled by Shelly Lambert, it bears no relation to the plaintiff's FMLA complaint of discrimination.  The plaintiff's claim regarding the advertisement is without merit and does not present a genuine issue of material fact in dispute.

Third, plaintiff claims there is a genuine issue of material fact in regard to her performance reviews.  This Court finds, however, that job performance reviews are immaterial to plaintiff's claim of interference with her FMLA rights because the evidence shows the plaintiff was laid off due to company reorganization, not because of poor job performance.  (Pl.'s Opp'n ¶ 5.)  No genuine issue of material fact is presented in this argument.

Lastly, plaintiff claims there is material fact in dispute as to defendants' promises that she could return to her position after expiration of leave.  This Court finds, however, that there is no evidence to suggest defendant ever assured plaintiff of her job upon return from leave, and such an assurance has no bearing on her claim.  (Pl.'s Opp'n ¶ 7.)  The FMLA does not provide a remedy for broken promises or failure to deviate from policy, but for discrimination for taking FMLA leave.  The FMLA is a balancing act, an attempt to provide employees with "a reasonable leave," without completely ignoring the legitimate "demands of the workplace."  29 U.S.C. §§ 2601 (b)(1)-(2).  Such alleged assurances are without merit in an FMLA discrimination claim, and plaintiff's final argument must fail.

## CONCLUSION

Viewing the evidence provided by both parties, in the light most favorable to the plaintiff, the Court finds the plaintiff fails to meet her burden of proof demonstrating FMLA discrimination on the part of defendant.  The Court finds that no dispute in genuine issue of material fact exists in this case, entitling the defendants to summary judgment.  For the foregoing

reasons, defendant's motion [35] for summary judgment will be GRANTED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, June 30, 2006.